UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

PAUL MOORE,

                     Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                     Defendants.

------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 20 2017

MEMORANDUM DECISION
AND ORDER

15 Civ. 6600 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Paul Moore, a retired Department of Correction ("DOC") employee, filed this action against Defendants the City of New York, New York City Department of Correction, and City employees Stephen Wettenstein, Michele Clifford, Nadine Pinnock, Patricia LeGoff, Shon Brown, and Renee Johnson, in their individual and official capacities, claiming that Defendants discriminated against him, subjected him to a hostile work environment, and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); Title VI of the Civil Rights Act of 1964 ("Title VI"); 42 U.S.C. § 1981 ("Section 1981"); 42 U.S.C. § 1983 ("Section 1983"); 42 U.S.C. § 1985 ("Section 1985"); 42 U.S.C. § 1986 ("Section 1986"); the Americans with Disabilities Act of 1990 ("ADA"); 29 U.S.C. § 794 ("Rehabilitation Act"); N.Y. Exec. Law § 296 ("NYSHRL"); and N.Y.C. Admin. Code §§ 8-101 *et seq.* ("NYCHRL"). (Third Am. Compl. ("TAC"), ECF No. 39.) Defendants moved to partially dismiss the Third Amended Complaint. (Defs.' Mot. to Dismiss ("Mot."), ECF Nos. 40-42.)

This matter was referred to Magistrate Judge James L. Cott. (ECF No. 11.) Before this Court is Magistrate Judge Cott's Report and Recommendation ("Report," ECF No. 48),

recommending that this Court grant Defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), with leave to amend the Complaint.[1] (*Id.* at 1, 64.)

In his Report, Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 64-65); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff filed a timely objection to the Report (Pl. Obj. to Report ("Pl. Obj."), ECF No. 49) and Defendants filed a timely response to Plaintiff's objection (Defs.' Resp. to Pl. Obj. ("Defs.' Resp."), ECF No. 50). This Court overrules Plaintiff's objection and fully adopts Magistrate Judge Cott's recommendation. Defendants' motion to dismiss is GRANTED with leave to amend.

## I. LEGAL STANDARD

A district court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to the Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

When there are objections to the Report, this Court must make a *de novo* determination as to the objected-to portions of the Report. 28 U.S.C. § 636(b)(1)(C); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). It is sufficient that this Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (internal citation omitted)); *see United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). However, where a litigant's objections are conclusory,

---

[1] The relevant procedural and factual background is set forth in detail in the Report and is incorporated herein.

2

repetitious, or perfunctory, the standard of review is clear error. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547–48 (S.D.N.Y. 2009).

## II. PLAINTIFF FAILS TO STATE A CLAIM

The Report properly held that Plaintiff failed to state a claim under Rule 12(b)(6) for violations of Title VII, Title VI, Section 1981, Section 1983, ADA, Rehabilitation Act, and NYSHRL. The Report also properly held that Plaintiff should be granted leave to file a fourth and final Amended Complaint. There was no clear error in Magistrate Judge Cott's findings. Plaintiff objected only to the portion of the Report concluding that Title I of the ADA, rather than Title II, applies to Plaintiff's ADA claims. (Pl. Obj. at 4.) This court reviews that portion of the Report *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); *see also Rivera*, 423 F. Supp. 2d at 273.

Magistrate Judge Cott found that "Moore's claims fall squarely within the umbrella of Title I and outside the confines of Title II." (Report at 44.) Accordingly, Magistrate Judge Cott recommended that "Moore's Title II claim be dismissed with respect to all Defendants." (Report at 45.) The Second Circuit law is clear: the ADA "unambiguously limits employment discrimination claims to Title I."[2] *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 171 (2d Cir. 2013) (affirming dismissal of a Title II claim against plaintiff's former employer for denial of retirement benefits following termination for a disability and holding that plaintiff's exclusive ADA remedy against her employer was under Title I). During his employment at the DOC, Plaintiff was injured during an inmate cell extraction and was later granted "3/4 disability" to accommodate his injuries. (TAC ¶¶ 85-86, 90.) Around the time of his retirement from the DOC,

---

[2] Under Title I of the ADA, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a).

3

Plaintiff applied for a pistol permit or "Good Guy Letter," which would allow him to continue to carry a firearm as a retired officer if, *inter alia*, he did not suffer from any disabilities that would adversely affect his ability to possess a firearm. (*Id.* at ¶¶ 92-3, 97-8.) Plaintiff alleges that because Defendants have ignored his request for the pistol permit or "Good Guy Letter," it has been "essentially denied" without any "valid business justification" or "good-faith basis." (*Id.* at ¶¶ 94, 101-05.) Because Plaintiff brings this ADA claim against his former *employer* for allegedly discriminating against him in denying him privileges as a *retired correctional employee*, Plaintiff's claim is limited to Title I. Accordingly, Plaintiff's Title II claims are properly dismissed as to all Defendants.

## III. CONCLUSION

Having reviewed Magistrate Judge Cott's Report and Recommendation, this Court overrules Plaintiff's objection and adopts the Report in full.

Defendants' motion to dismiss is GRANTED and Plaintiff is granted leave to file a fourth and final Amended Complaint.

The Clerk of the Court is directed to close the motion at ECF No. 40.

Dated: New York, New York
March 20, 2017

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4